## GOODALL *v.* BEDEL.

If a counsellor at law, having in his hands papers necessary to be used in the defence of a suit, enter upon that defence in the presence of the party for whom he appears, and retain the papers without objection, such facts are evidence of a retainer and promise to pay for his services, as well upon the particular occasion of the first appearance, as in the sequel of the cause.

ASSUMPSIT. The action was committed to an auditor, who reported a balance in favor of the plaintiff, subject to the opinion of the court upon the facts which he reported, as follows:

It appeared in evidence that the plaintiff had been in partnership in the practice of the law with Andrew S. Woods, under the firm of Goodall & Woods: That some time in the year 1836 General Moody Bedel employed said Woods to bring an action against Lewis Loomis and others. Said action was prosecuted in court by said Goodall & Woods, and they obtained a verdict against Loomis and others. Said Loomis and others then brought a suit against said Bedel, founded on the covenants in a

quitclaim deed from said Bedel to them; which suit said Goodall & Woods defended for said Bedel. A verdict was rendered in Coös county against Bedel; which verdict was afterwards set aside, and Goodall & Woods obtained a judgment in the Superior Court against said Loomis and others in favor of Bedel: That said Bedel died in January, 1841, and his widow, Mary Bedel, the defendant, was appointed administratrix, and William Morrison, Esq., of said Bath, was appointed commissioner on said estate: That on the 16th of August, 1841, just before the commissioner's last session, which was on the 19th of said August, 1841, Harry Hibbard, Esq., who was employed by Mrs. Bedel as her counsel in general in her affairs, called on said Goodall, and conferred with him about the affairs of said Bedel's estate, and requested him to attend before the commissioner to defend against claims by said Loomis and others, which were to be brought in against said estate. Mr. Goodall consented to attend, and did attend before the commissioner; and he and Mr. Hibbard defended against the claim brought in by Lewis Loomis and others, founded on their verdict in Coös against said Bedel, and the commissioner rejected said claim. An appeal was taken by said Loomis and others from the commissioner's decision, and entered in the Common Pleas; where said Goodall attended to it for several terms on the part of said Bedel's estate, as charged in his account. The auditor finds that said Goodall rendered the services at the terms of the court, as charged in his account, and at some of said terms was the only counsel who appeared and acted in court in case of the appeal. The defendant was also examined under oath by the auditor, and by counsel for both parties. The auditor does not find any express engagement of said Goodall as defendant's counsel after said Bedel's death. On the contrary, she swears that she did not employ him herself, nor does she admit that she authorized anybody else to

employ him for her; that, at the time said Goodall appeared before the commissioner at the defendant's house in said Bath, she expressed some dissatisfaction as to his coming there to attend to the business instead of Woods, his former partner, who was then judge; but said Goodall came there at Mr. Hibbard's request, and in the defendant's presence defended against the claim of Loomis and others against said estate. He held the papers of said estate in the former suits, and appears to be the only counsel who was fully instructed as to the merits of the appeal. He was not discharged by the defendant, nor required to surrender to other counsel the papers which he held concerning the merits of the controversy. No complaint is made that his services were not able and faithful. The suits in which he had been engaged for Bedel were important, involving property to a large amount.

*Goodall, pro se.*

*Bedel,* for the defendant.

GILCHRIST, C. J. The auditor reports a balance for the plaintiff in this case, subject to the opinion of the court upon the question whether he was justified in such finding by the evidence before him, and which he reports.

Without inquiring what authority, express or implied, Mr. Hibbard, as the attorney and counsel of the defendant, had to retain the plaintiff in the matter in which the services were rendered, there is evidence upon which the auditor might well have concluded that the retainer was ratified by the defendant herself. Mr. Goodall appeared before the commissioner in pursuance of the engagement with Mr. Hibbard, and in the presence of the defendant, and without any objection on her part, as she herself admits, except that she expressed some dissatisfaction

that Judge Woods had not come instead of Mr. Goodall, entered upon the discharge of the service for which he had been employed. He held the papers belonging to the estate of General Bedel, of which she was the administratrix, and used the papers in the preparation and hearing of the cause. He retained them in his possession without any objection on her part; and as they were necessary to be used in the case, the most obvious inference is, that, in acquiescing in their remaining in his hands, she contemplated that he would use them for that service. It was scarcely possible for the plaintiff himself to have formed any other inference than the one he appears to have formed, as to the expectations and wishes of the defendant. It appears to us that there was before the auditor sufficient evidence that the plaintiff was retained by the defendant in the cause before the commissioner and upon the appeal, and that the finding of the auditor is fully justified by the evidence.

*Judgment for the plaintiff on the report.*